```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

UNITED STATES OF AMERICA,    )   Case No. 3:20-CR-0008-E-1
                             )
        Plaintiff,           )
                             )   Dallas, Texas
v.                           )   January 10, 2020
                             )   2:00 p.m.
ROBERT BURNEY CAPPS,         )
                             )   INITIAL APPEARANCE
        Defendant.           )   ARRAIGNMENT
                             )
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ,
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:     Lindsey E. Beran
                        UNITED STATES ATTORNEY'S OFFICE
                        1100 Commerce Street, Suite 300
                        Dallas, TX  75242-1699
                        (214) 659-8600

For the Defendant:      J. Craig Jett
                        BURLESON, PATE & GIBSON, LLP
                        900 Jackson Street, Suite 330
                        Dallas, TX  75202
                        (214) 871-7676

For U.S. Probation:     Officer Perez

Court Recorder:         Marie Castañeda
                        UNITED STATES DISTRICT COURT
                        1100 Commerce Street, Room 1452
                        Dallas, TX  75242-1003
                        (214) 753-2167

Transcription Service:  Kathy Rehling
                        311 Paradise Cove
                        Shady Shores, TX  76208
                        (972) 786-3063

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

| | |
|---|---|
| 1 | <u>DALLAS, TEXAS - JANUARY 10, 2020 - 2:07 P.M.</u> |
| 2 | THE COURT: Michael Ray Schneider. |
| 3 | MR. SMITH: Matt Smith for the United States. |
| 4 | THE COURT: And if I could have Mr. Robert Capps |
| 5 | please stand where you are. All right. |
| 6 | Gentlemen, I am going to advise you both of your |
| 7 | constitutional rights. You have the right to remain silent. |
| 8 | You are not required to make any statement about any charge |
| 9 | against you. If you have made a statement, you're not |
| 10 | required to say any more. If you start to make a statement, |
| 11 | you may stop at any time. Any statement made by you can later |
| 12 | be used against you. |
| 13 | You have the right to the assistance of an attorney at all |
| 14 | stages of the proceedings. If you cannot afford an attorney, |
| 15 | one will be appointed for you. |
| 16 | Mr. Capps, you may have a seat. I'll come back to your |
| 17 | case in a few moments. |
| 18 | (Off the record, 2:07 p.m. to 2:12 p.m.) |
| 19 | THE COURT: All right. Mr. Capps. Mr. Capps, did |
| 20 | you hear and understand the constitutional rights that I |
| 21 | explained at the beginning of the hearing? |
| 22 | THE DEFENDANT: Yes, Your Honor. |
| 23 | THE COURT: Have you gotten a copy of the indictment |
| 24 | against you? |
| 25 | MR. JETT: Judge, he has that. I received one this |

1  morning.
2          THE COURT:  All right.  Have you discussed it with
3  him?
4          MR. JETT:  We've not had an opportunity to do that
5  because I received it after he was detained by the Marshals
6  this morning or by the HSI this morning and we just haven't
7  had time to do that.
8          THE COURT:  Even before court this afternoon when he
9  was brought down to the courtroom?
10         MR. JETT:  No, ma'am.  I suppose I -- so I just had a
11 couple of minutes and it requires some explanation and so I --
12 if the Court would like me to do that now, I will.
13         THE COURT:  The alternative would be to have the
14 Government summarize the charges for him.
15         MR. JETT:  I could take a minute and explain to him
16 what the charges are.  I think he has a pretty good idea.
17 There was -- but, technically, we didn't know 'til I saw the
18 indictment.
19         THE COURT:  All right.
20         MR. JETT:  Would you like me to take a minute and do
21 that?
22         THE COURT:  Mr. Werbner, are you done with your
23 client?
24         MR. WERBNER:  We are.  There's still a signature --
25         THE COURT:  There is?  All right.  Why don't you have

```
 1  a seat over here with Mr. Capps.  Let me have Mr. Werbner.
 2  And I may go on to my detention hearing before I come back to
 3  your case.
 4           MR. JETT:  Okay.
 5           THE COURT:  All right?  Mr. Werbner?
 6           MR. JETT:  Thanks, Your Honor.
 7      (Off the record, 2:14 p.m. to 3:06 p.m.)
 8           THE COURT:  Can we get Mr. Capps back to the podium,
 9  please?
10           MS. BERAN:  I don't believe I made my appearance
11  earlier.  Lindsey Beran for the Government, Your Honor.
12           THE COURT:  All right.  Let's basically start over.
13  Mr. Capps, you heard the constitutional rights I explained at
14  the beginning of the initial appearance hearing, did you not?
15           THE DEFENDANT:  Yes, Your Honor.
16           THE COURT:  And do you understand those
17  constitutional rights?
18           THE DEFENDANT:  Yes, Your Honor.
19           THE COURT:  Have you now had an opportunity to review
20  the indictment with your attorney?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Do you understand what it is that you are
23  accused of in this document?
24           THE DEFENDANT:  I do.
25           THE COURT:  I have the entry of appearance for Mr.
```

1  Jett, so you do not need appointed counsel; is that correct?
2          THE DEFENDANT:  Correct, ma'am.
3          THE COURT:  All right.  What's the Government's
4  position on the issue of bond?
5          MS. BERAN:  Your Honor, the Government has no
6  objection to release of this Defendant on PR bond, with the
7  conditions mandated by law and the recommendations by Pretrial
8  Services.
9          THE COURT:  All right.  The Government is not moving
10 to detain you, Mr. Capps, so I will be releasing you subject
11 to a number of conditions, which are as follows, and some are
12 mandated by law.
13      You are not to violate federal, state, or local law while
14 on release.
15      You are to advise the Court or the Pretrial Services
16 Office in writing before any change in address or telephone
17 number.
18      You are to appear in court as required and to surrender
19 for service of any sentence imposed as directed.
20      Your next court appearance will be your trial.  We'll
21 conduct your arraignment in a few moments.
22      In addition to that, I am ordering pretrial supervision.
23 You will be required to report to the supervising Pretrial
24 Services officer as directed.
25      You are to continue or actively seek employment.

1       I understand you do have a passport?
2              MR. JETT:  That has been turned over to the HSI
3    agents, Your Honor.
4              THE COURT:  All right.  Does the Government have the
5    passport?
6              MS. BERAN:  We do.  We'll make sure it gets to the
7    Clerk's Office, Your Honor.
8              THE COURT:  All right.  You are not to get a new
9    passport or other type of travel document.
10      I am restricting your travel to the Northern District of
11   Texas.
12             MR. JETT:  May I ask a question, Your Honor?
13             THE COURT:  You may.
14             MR. JETT:  Mr. Capps has occasion to have to travel
15   for work, and that would be outside the state.  Is that
16   something I'd take up with you, or should I take that up with
17   Judge Brown?
18             THE COURT:  Well, you're going to have to file a
19   motion, but let me finish the conditions and then you can
20   consider whether that's going to be feasible or not.
21             MR. JETT:  Yes, ma'am.
22             THE COURT:  All right.  I am putting you on location
23   monitoring, with a curfew to be set by your Pretrial Services
24   officer.
25        You're not to possess any firearms, destructive devices,

1 | or other dangerous weapons.  Do you have any weapons in your
2 | home?
3 |       THE DEFENDANT:  Not at the moment, Your Honor.
4 |       THE COURT:  All right.  You're not to possess any
5 | weapons.  They're not to be in your home, whether or not
6 | they're yours.
7 |       THE DEFENDANT:  Understood, Your Honor.
8 |       THE COURT:  All right.  You are to pay all or part of
9 | the costs of monitoring based on your ability to pay as
10 | determined by Pretrial Services, and you're to report as soon
11 | as possible to Pretrial Services any contact with law
12 | enforcement, including arrests, questioning, or traffic stops.
13 |   In addition to that, you are not to have any form of
14 | unsupervised contact with persons under the age of 18 at any
15 | location, including but not limited to your residence, place
16 | of employment, and public places where minors frequent or
17 | congregate, without prior permission of the probation officer.
18 |   You are not to possess or have under your control any
19 | pornographic, sexually-oriented, or sexually-stimulating
20 | materials, including visual, auditory, telephonic, or
21 | electronic media, computer programs, or services.  You're not
22 | to patronize any place where such material or entertainment is
23 | available, and you're not to use any sex-related telephone
24 | numbers.
25 |   You are to participate and comply with the requirements of

1  the Computer and Internet Monitoring Program, contributing to
2  the costs of monitoring in an amount not to exceed $40 per
3  month.
4       As part of that program, you shall consent to the
5  probation officers conducting ongoing monitoring of your
6  computers.  This may include the installation of hardware or
7  software systems that allow for evaluation of computer use.
8  You shall not remove, tamper worth, reverse-engineer or
9  circumvent the software in any way.  You shall only use
10 authorized computer systems that are compatible with the
11 software and/or hardware used by the Computer and Internet
12 Monitoring Program.
13      You are to permit the probation officer to conduct a
14 preliminary computer search prior to the installation of
15 software, and the monitoring software may be removed at any
16 time during the term of supervision, at the discretion of the
17 probation officer.
18      You're to submit to periodic unannounced examination of
19 your computers, storage media, and/or other electronic or
20 Internet-capable devices performed by the probation officer at
21 a reasonable time and in a reasonable manner based on
22 reasonable suspicion of contraband evidence in violation of
23 supervision.
24      This could include the retrieval and copying of any
25 prohibited data and/or the removal of such systems for the

1   purpose of conducting a more thorough inspection.  You shall
2   provide written authorization for release of information from
3   your Internet Service Provider.
4       You're not to use any computer other than the one that
5   you're authorized to use without prior approval from the
6   probation officer.
7       You're not to use any software program or device designed
8   to hide, alter, or delete records or logs of your computer
9   use, Internet activities, or files stored on your computer.
10      You're not to maintain or create a user account on any
11  social networking site that allows access to persons under the
12  age of 18 or allows the exchange of sexually-explicit
13  material, chat conversations, or instant messaging.
14      You're not to view or access any web profile of any users
15  under the age of 18.
16      You're not to use or possess any gaming consoles or
17  devices without prior permission from the probation officer.
18  This includes but is not limited to Xbox, PlayStation, or
19  Nintendo.
20      You're not to use or possess a web cam or any other
21  hardware that allows for the exchange of video or photographs
22  online.
23      You're not to access any service or use any software that
24  allows for the direct peer-to-peer contact that may include
25  chat rooms, file sharing, or other similar activity without

1   permission from the probation officer.
2       You shall not use or own any device that allows Internet
3   access other than what's authorized by the Probation Office.
4   This includes but is not limited to PDAs, electronic games,
5   and cellular digital telephones.
6       You're not to engage in or utilize any service that allows
7   peer-to-peer file sharing or File Transfer Protocol activity,
8   and you will be required to log onto your authorized computer
9   using an assigned user name and biometric user authentication.
10      Do you understand the conditions that I am imposing for
11  your release?
12          THE DEFENDANT:  I do, Your Honor.
13          THE COURT:  Are there any other conditions that the
14  Government asks the Court to consider?
15          MS. BERAN:  Not at this time, Your Honor.
16          THE COURT:  The law requires that I tell you what
17  could happen if you don't follow the conditions I've set for
18  you.
19      Failing to appear in court as required is a separate crime
20  for which you may be sentenced to imprisonment.  If you
21  violate any condition of release, a warrant can be issued for
22  your arrest, you can be jailed until trial, and also
23  separately prosecuted for contempt of court.
24      If you commit another crime while you are on pretrial
25  release, that could lead to more severe punishment than you

1  would otherwise receive if you committed that same crime at
2  any other time.
3       It is a crime to try to influence, threaten, attempt to
4  bribe, or retaliate against any juror, witness, or other
5  person who may have information about the case or to otherwise
6  obstruct the administration of justice.  There are fines and
7  prison terms associated with these violations.
8       Do you understand what could happen if you don't follow
9  the conditions I've set for you?
10            THE DEFENDANT:  I do, Your Honor.
11            THE COURT:  I have signed an order that you be
12 released after processing.  There's a place on the third page
13 for your signature.  Take your time to go over that order with
14 Mr. Jett.  Ask him any questions.  I will be happy to answer
15 any questions.
16       By signing this order, you will be telling the Court that
17 you fully understand your conditions, you agree to follow
18 those conditions, and you understand what could happen if you
19 don't.  Later on, if any violation is shown, I'll know that
20 it's not the result of a lack of understanding, because we're
21 both going to be comfortable before you leave here today that
22 you do fully understand those conditions.  I'll take that as
23 an indication that you choose not to follow my conditions, and
24 I can revoke you on that basis.
25       That is a federal court order that governs your release

1  while you are awaiting trial on very serious federal criminal
2  charges, so any violation of that order, no matter how
3  technical, is still a violation of a federal court order,
4  which I take very seriously.
5       You should know that I am considered a zero-tolerance
6  policy judge.  Do you understand that?
7            THE DEFENDANT:  Yes, Your Honor, I do.
8            THE COURT:  All right.  Mr. Jett, you may go over the
9  order with Mr. Capps there at the podium or over here.  I'm
10 going to come back to Mr. McGuinnie while you do that.
11           MR. JETT:  I think we should go over here.
12      I do have a question, if I could.
13           THE COURT:  Certainly.
14           MR. JETT:  You used the term "location monitoring,"
15 and that is not a term I am familiar with, so I don't know
16 what that means or how that's imposed, if it -- I am familiar
17 with electronic monitoring, which is an ankle monitor.  So, is
18 that that, or is it something else?
19           THE COURT:  It could be that, or it could be whatever
20 -- the use of the term "location monitoring" gives the
21 Pretrial Services officer some discretion to use the best type
22 of equipment for the circumstances.  It may be a GPS monitor.
23 It may be some other type of monitoring other than the ankle
24 monitor.
25           MR. JETT:  Okay.  And --

```
 1            THE COURT:  But it will be a system to monitor his
 2   location.
 3            MR. JETT:  Okay.  And I understand that.
 4            THE COURT:  Uh-huh.
 5            MR. JETT:  Our concern was travel.  And if it's -- if
 6   it's an ankle monitor, it might prohibit travel.  If there's
 7   some other kind, it may not.  And so if I should take that up
 8   with Probation, I'm happy to do so.
 9            THE COURT:  You'll need to take that up to Probation,
10   but it is very difficult to monitor someone while they're
11   traveling, and so traveling is generally not permitted.
12            MR. JETT:  I understand.  We'll take it up with
13   Probation; then with Judge Brown if we have to do that.
14            THE COURT:  All right.  Because there is an
15   alternative to not traveling.
16            MR. JETT:  Well, I understand that alternative, but I
17   think that we can find a happy medium somewhere.
18            THE COURT:  He's not in a position to negotiate at
19   this point.
20            MR. JETT:  I'm not negotiating; I'm just looking for
21   solutions.
22            THE COURT:  Sure.  But the Adam Walsh conditions are
23   mandated by law.  It's going to be hard to convince the Court
24   that he should be allowed to travel under these circumstances.
25            MR. JETT:  Okay.  I hear you.  We'll go over the
```

```
 1  terms and go from there.
 2          THE COURT:  All right.  Thank you.  All right.  Mr.
 3  Capps, why don't you have a seat over there with your
 4  attorney?
 5      (Off the record, 3:18 p.m. to 3:23 p.m.)
 6          THE COURT:  Mr. Capps, I've now received back the
 7  signed order, and I'm holding up the third page.  Can you see
 8  the signature from where you're standing?
 9          THE DEFENDANT:  Ye... is it -- it looks like the one
10  I just signed.
11          THE COURT:  All right.  Well, I can hand it down to
12  be -- so that we can be sure that that is, in fact, your
13  signature.
14          THE DEFENDANT:  You know what, I think I need to do
15  it.
16          THE COURT:  All right.
17          THE DEFENDANT:  Yes.
18          THE COURT:  All right.  So, is the document that my
19  courtroom deputy just showed you the order setting the
20  conditions of release that you reviewed with Mr. Jett?
21          THE DEFENDANT:  Yes, Your Honor, it is.
22          THE COURT:  Did you have an opportunity to ask him
23  any questions you had about it?
24          THE DEFENDANT:  Yes, but you had already answered the
25  question.
```

1          THE COURT:  All right.  So, do you have any questions
2    for me?
3          THE DEFENDANT:  I have a -- yes.
4          THE COURT:  All right.
5          THE DEFENDANT:  Okay.
6          MR. JETT:  If you have a question, go ahead.
7          THE DEFENDANT:  The competency in my work, Your
8    Honor, involves travel.  I understand that we need to take
9    this up with another judge at another place and time.  I
10   understand the ramifications of the rules and regulations by
11   which I need to abide.  But I also wanted to say that my
12   ability to travel to several consistent locations in the
13   continental United States is critical to my success at work
14   and being able to pay for all these things I've got to pay
15   for.  And if -- my question for you is, would you tell me if
16   you have another idea about how to continue along this line?
17         THE COURT:  I don't have any other idea at this time.
18   I will tell you that it's my -- in reviewing the Pretrial
19   Services report, you declined to answer a number of questions,
20   which would have given your Pretrial officer more information
21   with which to give me some alternatives.  So, part of that is
22   for a lack of information.
23      The purpose in setting these conditions and the purpose
24   behind the Adam Walsh conditions are the protection and safety
25   of the community.  And without enough information to

1  adequately evaluate whether there are alternatives at this
2  time, these are going to be your conditions.
3      You should visit very closely with your Pretrial Services
4  officer.  That officer is not working for the Government.
5  That officer works for the Court and is -- anytime you're
6  talking to that officer, you're talking to the Court.  So you
7  need to be fully forthcoming with your officer and discuss any
8  options.  This -- you were just arrested.  We're making
9  decisions very quickly.  There may be additional information
10 to be considered.  I don't know.  Like I said, I can tell from
11 the Pretrial Services report that there's obviously
12 information that we don't know or don't have.  And so it is
13 hard to say at this point whether any variation or
14 modification of the conditions is warranted without a full
15 understanding of the facts.
16      So, these are your conditions today.  Once your intake
17 interview has happened, once your attorney has had an
18 opportunity to fully review the facts of the case, then he can
19 determine what action may be warranted.  But for today, this
20 is -- these are your conditions.
21          MR. JETT:  We'll --
22          THE COURT:  They may or may not change.  I can't tell
23 you that.  I can just say, based on today's record and where
24 we are and the law, these are your conditions.  All right.
25          THE DEFENDANT:  Thank you, Your Honor.

Case 3:20-cr-00008-E   Document 18   Filed 02/05/20   Page 17 of 19   PageID 52
17

```
 1              THE COURT:  All right.  So, did you have enough time
 2   to go over the order?  And you'll get a copy of it from
 3   Pretrial Services.
 4              THE DEFENDANT:  I did, Your Honor.
 5              THE COURT:  So, by signing this order, are you
 6   telling the Court that you fully understand your conditions,
 7   you agree to follow those conditions, and you understand what
 8   could happen if you do not?
 9              THE DEFENDANT:  I do, Your Honor.
10              THE COURT:  Based on my review of your affidavit --
11   based on my review of the circumstances, then, I hereby order
12   you released after processing.  You'll get a copy of the order
13   from Pretrial Services.  You'll need to see the Marshals
14   Office for processing there.  I believe your passport is going
15   to be turned in to the Clerk's Office, so that will be taken
16   care of.
17        Are we ready for arraignment, Mr. Jett?
18              MR. JETT:  Yes, Your Honor.
19              THE COURT:  You do have the right to have the charges
20   against you be read out loud at this time, Mr. Capps, but you
21   may waive the reading of the indictment.  What would you like
22   to do?
23              THE DEFENDANT:  Waive the reading.
24              THE COURT:  How do you plead to the charges, guilty
25   or not guilty?
```

```
 1              THE DEFENDANT:  Not guilty, Your Honor.
 2              THE COURT:  A not guilty plea is entered for you.
 3   Your case is set for trial in front of Judge Brown.  She'll be
 4   issuing an order to set the trial date and pretrial deadlines,
 5   and Mr. Jett's office will make sure that you are kept
 6   notified of those deadlines.
 7       Do you have any other questions about anything we've
 8   covered here today?
 9              THE DEFENDANT:  No, Your Honor.
10              THE COURT:  Anything else, Mr. Jett?
11              MR. JETT:  No, ma'am.
12              THE COURT:  From the Government?
13              MS. BERAN:  Nothing from the Government, Your Honor.
14              THE COURT:  Good luck to you, Mr. Capps.  We are
15   adjourned.
16              THE DEFENDANT:  Thank you, Your Honor.
17              THE CLERK:  All rise.
18       (Proceedings concluded at 3:29 p.m.)
19                            --oOo--
20                           CERTIFICATE
21       I certify that the foregoing is a correct transcript from
     the digital sound recording of the proceedings in the above-
22   entitled matter.
23     /s/ Kathy Rehling                              02/05/2020
24   _____    _____
     Kathy Rehling, CETD-444                                  Date
25   Certified Electronic Court Transcriber
```

```
                                                                    19

                                     INDEX
 1
     PROCEEDINGS                                                        2
 2

 3   WITNESSES

 4   -none-

 5   EXHIBITS

 6   -none-

 7   RULINGS

 8   Conditions of Release                                              5
     Defendant Ordered Released After Processing                       17
 9   Entry of Not Guilty Plea                                          18

10   END OF PROCEEDINGS                                                18

11   INDEX                                                             19

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```