IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

ROBERT CAPPS

NO. 3:20-CR-0008-E

## FACTUAL RESUME

In support of Robert Capps's plea of guilty to the offenses in Count One of the indictment, Capps, the defendant, Sally Goodman, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 2252A(a)(1), that is, Transporting and Shipping Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly transported or shipped child pornography as charged in the indictment; and

*Second.*   That the defendant transported or shipped the child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

## STIPULATED FACTS

1.   Capps admits and agrees that on or about July 12, 2019, within the Northern District of Texas, Dallas Division, he did knowingly transport and ship child

---

[1] Fifth Circuit Pattern Jury Instruction 2.85C (5th Cir. 2019).

Factual Resume—Page 1

pornography using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer. Specifically, the defendant used the Internet; Mega Chat, an internet application; and his Apple iPhone X to send and transmit files of minors engaged in sexually explicit conduct and the lewd and lascivious exhibition of the genitals of minors, as defined in 18 U.S.C. § 2256, including the following described image files:

| File Name: | Description: |
| --- | --- |
| d444265ec143519d7736f315b154781f.gif | An image file depicting a minor girl holding a penis. The penis is in front of the girl's mouth. |
| 44bd41fbce1c2333ffae1e7c604f6f34.gif | An image file depicting a minor exposing her genitals to the camera, which is the focus of the image. A female has her head near the girl's genitals. |

2.  In or around September 2019, the Homeland Security Investigations (HSI) Dallas Child Exploitation Group received a cyber tip from the HSI Cyber Crimes Center. Kik Interactive Incorporated, which operates the free instant messaging mobile application Kik Messenger (Kik), reported to the Royal Canadian Mounted Police (RCMP), that a user had uploaded an image file that was flagged by PhotoDNA for having a hash value associated with a known child pornography image and had confirmed that the image did in fact contain child pornography. Kik reported that the username was "elegantwist" with an email address robertcapps@yahoo.com and provided the upload IP address of 66.169.195.89. The RCMP learned that the upload IP

address resolved to the United States and forwarded the information to HSI Cyber Crimes Center.

3. When HSI Dallas received the cyber tip in September 2019, it was confirmed that the Kik user "elegantwist" had the reported image in the file as a "chat upload" and that the image constituted child pornography. Based on the cyber tip information, and information tying the Kik account to Capps, HSI Special Agent Jeffrey Williams applied for and received a search warrant for an address in Dallas where it was determined that Capps lived. Capps was present at the time the search warrant was executed and agreed to be interviewed by Special Agent Williams.

4. During the course of his interview, after being confronted with evidence that he had transported child pornography, Capps admitted that he had sent child pornography to a user named "Sara" through the Mega Chat application on an Apple iPhone X. Further, he agreed that he engaged in a conversation with "Sara," on the Mega Chat application, in which he agreed to exchange child pornography for valuable consideration, namely child pornography. Capps confirmed that his user name on the Mega Chat application was "streitwise." Law enforcement officers seized the Apple iPhone X and other items from the residence, and Capps consented to the search of the Apple iPhone X and certain applications on the device.

5. A forensic review was conducted on the Apple iPhone X seized from Capps's residence. The phone contained the Mega Chat application. Child pornography was found stored within the Mega Chat application and other areas of the operating system. In total, the forensic review revealed that Capps's Apple iPhone X contained 508

images of child pornography, as defined in 18 U.S.C. § 2256, stored within the Mega chat application and other areas of the operating system. These images included sadistic images as well as images of infants and toddlers.

6. The forensic review also revealed that Capps transported child pornography using the Mega Chat third-party messaging internet application and his Apple iPhone X.. Specifically, on July 12, 2019, Capps uploaded the two images described in Count One of the indictment in a Mega chat with "L.H." In total, the forensic review revealed that Capps had 508 images of child pornography as defined in 18 U.S.C. § 2256, stored within his Mega Chat application and other areas of the operating system on his device.

7. Capp agrees that he transported images of child pornography including the images described in Count One of the indictment using the internet, and a third party messaging internet application, Mega Chat, his Apple iPhone X with IMEI 356166098609448, which are means and facilities of interstate and foreign commerce. He further agrees that some of the images that he possessed included sadistic images as well as those depicting infants and toddlers. He also stipulates that he possessed 508 images of child pornography at the time he transported the images described in Count One. He also admits that he transported images of child pornography using his Apple iPhone X with IMEI 356166098609448, seized from his home on December 6, 2019. Finally, he agrees and stipulates that he transported the image described in Count One of the indictment while in the Northern District of Texas.

8. Capps agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events

related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 19th day of November, 2020.

 

*Robert Capps*
Robert Capps
Defendant

*Sally Goodman*
Sally Goodman
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

*Lindsey Beran*
Lindsey Beran
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214.659.8600
lindsey.beran@usdoj.gov